### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TERRY DOWDY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-04-399-HE** |
| | ) | |
| **JUSTIN JONES,**[1] | ) | |
| | ) | |
| **Respondent.** | ) | |

### <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction of unlawful possession of marihuana with intent to distribute, having previously been convicted of one or more drug related felonies, and for which he was sentenced to twenty years of imprisonment. District Court of Jackson County,  Case No. CRF-92-107.  The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  A response to the petition has been filed [Doc.  No.  14], and Petitioner has filed a reply [Doc.  No.  19]. Thus, the matter is at issue.  For the reasons set forth below, it is recommended that the petition be denied.

A summary of the procedural history leading to the present habeas action is necessary.  Petitioner originally entered a guilty plea on January 25, 1993, to possession of marihuana with intent to distribute after former conviction of a felony, for which he was sentenced to fifteen years imprisonment with three years suspended.  Case No.

---

[1]Petitioner, who is incarcerated at the Lawton Correctional Facility, a private prison, named Ron Ward as Respondent.  Since the filing of this action, Mr. Ward has retired, and Justin Jones has been named the Director of the Oklahoma Department of Corrections (DOC).  Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), Justin Jones has been substituted as Respondent.

CF-92-107, Jackson County District Court. *See* Response, Ex. 1 at 1-2 (Report and Recommendation entered December 18, 2000, in *Dowdy v. Saffle*, Case No. CIV-00-792-A). Petitioner did not move to withdraw his guilty plea within ten days as provided by Oklahoma law. Response, Ex. 1 at 2. Following two lengthy and unsuccessful post-conviction actions in the Oklahoma courts, Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in this Court, alleging that his sentence was illegal because it contained a suspended sentence for which he was ineligible and that the illegal sentence rendered his plea involuntary. Response, Ex. 1 at 2-5. In the Report and Recommendation, the Magistrate Judge found that because Petitioner had a previous felony conviction, he was ineligible under Oklahoma law for a suspended sentence, and thus his sentence was unauthorized by law and his plea was involuntary. Response, Ex. 1 at 15-16 (citing Okla. Stat. tit. 63, § 2-401(B)(2)).[2] It was therefore recommended that the petition be granted unless the State provided Petitioner with an opportunity to withdraw the guilty plea in Case No. CRF-92-107. *Id.*, Ex. 1 at 17. By order dated January 26, 2001, United States District Judge Wayne E. Alley adopted the Report and Recommendation and conditionally granted Petitioner's habeas petition, directing that a writ of habeas corpus issue unless "the State [of Oklahoma] provides petitioner with an opportunity to withdraw his guilty plea within 90 days . . . ." *Id.*, Ex. 2. The State complied with Judge Alley's order, and on April 25, 2001, Petitioner appeared with counsel in the state district court and ultimately elected to withdraw his guilty plea and

---

[2]The Magistrate Judge reached the merits of the issue after finding that the state procedural bar applied by the Oklahoma Court of Criminal Appeals in denying Petitioner's second application for post-conviction relief, which raised a challenge to the district court's jurisdiction, was not an "adequate" ground to prevent review by the federal habeas court. Response, Ex. 1 at 11-13.

enter a plea of not guilty.  *See* Relevant State Court Records ("Record"), Ex. 12.  On May 3, 2001, an order and a judgment were entered denying Petitioner's federal habeas petition based on the State's notice that Petitioner had been provided an opportunity to withdraw his plea.  Response, Exs. 4 and 5.

At a bench trial in state court held December 11, 2001, Petitioner was convicted of unlawful possession of marihuana with intent to distribute after former conviction of one or more drug related felonies, and on January 14, 2002, Petitioner was sentenced to twenty years of imprisonment.  Relevant State Court Record ("Record") [Doc. No. 16], Ex. 9.  Petitioner filed a direct appeal raising two grounds for relief:

> (1)     Because the evidence used to obtain a search warrant against [Petitioner] was gained by police officers exercising the power of their office outside their jurisdiction, the court erred in not quashing the warrant and suppressing all the evidence obtained as a result of it.
> (2)     The judgment and sentence stating the [Petitioner] is not to receive credit for time served should be corrected to state that [Petitioner] is not to receive credit for time spent awaiting trial.

*Id.*, Ex. 1.  On January 7, 2003, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's conviction and sentence although the case was remanded to the state district court with directions that an order *nunc pro tunc* be entered giving Petitioner credit for the time he served on his original conviction in the case.  *Id.*, Ex. 4.

Thereafter, Petitioner filed an application for post-conviction relief in the state district court which was denied.[3]  *Id.*, Exs. 5 and 6.  Petitioner appealed, and the OCCA

---

[3]In his post-conviction application Petitioner raised the following issues:
(1) the trial court lacked jurisdiction to allow Petitioner to withdraw his guilty plea and proceed to trial because he had satisfied the judgment and sentence imposed upon his entry of guilty plea on  January 25, 1993;

(continued...)

affirmed the district court's decision, holding that consideration of all issues raised on direct appeal was barred by the doctrine of *res judicata*, and that Petitioner waived consideration of all other issues which could have been previously asserted. *Id.*, Ex. 8 at 2. Additionally, the OCCA rejected Petitioner's jurisdictional and double jeopardy claims on the merits. Record, Ex. 8 at 2-4. The OCCA further held that "Petitioner has not been denied effective assistance of appellate counsel." *Id.*, Ex. 8 at 4.

Petitioner raises five grounds for habeas relief. In Ground One Petitioner alleges that the trial court was without jurisdiction to retry him because he had discharged his original sentence before the State gave him the opportunity to withdraw his guilty plea and that his twenty-year sentence violates state and constitutional prohibitions against double jeopardy. In Grounds Two, Three, Four and Five he claims that trial and appellate counsel were ineffective for failing to: (a) argue the lack of jurisdiction and double jeopardy issues raised in Ground One (Ground Two); (b) adequately argue the Fourth Amendment search and seizure issue raised on direct appeal (Ground Three); (c) investigate and challenge the use of invalid prior convictions used to enhance his present sentence (Ground Four); and (d) argue that the sentence he is presently challenging

---

[3](...continued)
(2) trial and appellate counsel were ineffective for failing to raise jurisdictional and double jeopardy issues;

(3) trial and appellate counsel were ineffective for failing to argue adequately the motion to suppress evidence;

(4) trial and appellate counsel were ineffective for failing to challenge the use of Mr. Dowdy's three 1988 convictions for enhancement purposes;

(5) trial and appellate counsel were ineffective "in regard to how the sentence in CRF-92-107, executed on January 14, 2002, was to be served."

Record, Ex. 5.

should be served concurrently with, instead of consecutively to, his sentence in Case No. CF-95-41, District Court of Jackson County (Ground Five).

Respondent admits that Petitioner has exhausted his state court remedies and that the petition is timely. Respondent contends that Petitioner is prohibited by 28 U.S.C. § 2244(b)(1) from raising the issue in Ground One because this same claim was presented and rejected on the merits in Petitioner's previous federal habeas action. Respondent further argues that the OCCA's adjudication of Petitioner's ineffective assistance of appellate counsel claim was not contrary to, nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Respondent argues that Petitioner's ineffective assistance of trial counsel claims asserted in Grounds Two through Five are procedurally barred from federal habeas review.

I. <u>Standard Governing Petitions for a Writ of Habeas Corpus</u>

When a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). A state court's determination is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state

court's determination involves an unreasonable application of clearly established Supreme Court precedent if it identifies the correct governing legal principle from the Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 413; *see also Wiggins v. Smith*, 539 U.S. 510, 520 (2003). It is not enough that the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable. *Williams*, 529 U.S. at 410-11; *Valdez v. Bravo*, 373 F.3d 1093, 1096 (10th Cir.), *cert. denied*, 543 U.S. 1008 (2004).

The OCCA disposed of the claims raised by Petitioner on direct appeal and on appeal from the district court's denial of post-conviction relief by summary opinions in which the reasoning was not always expressly stated. Nevertheless, this Court owes deference to the state court's result. *Aycox v. Little*, 196 F.3d 1174, 1177 (10th Cir. 1999). *See Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*) (holding that state court's failure to discuss or even to be aware of federal precedent does not in itself render the decision contrary to federal law); *Miller v. Mullin*, 354 F.3d 1288, 1292-93 (10th Cir. 2004), *cert. denied*, 543 U.S. 1154 (2005) (applying the § 2254(d) deferential standard "notwithstanding the [OCCA's] failure to cite or discuss federal case law") (citing *Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 10 (2003)). Further, the state court's factual findings are presumed correct and the burden is on Petitioner to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

II. <u>Discussion</u>

    A. <u>Ground One - Trial Court Jurisdiction/Double Jeopardy</u>

    In Ground One Petitioner contends that the trial court was without jurisdiction because he had discharged his original fifteen-year sentence in Case No. CF-92-107 and was therefore no longer in custody on that conviction at the time of his April 25, 2001, plea withdrawal hearing in state court. Petition at 5(a)-(e). Petitioner asserts that because the sentence had been fully served, the trial court should have set aside the conviction and the fifteen-year sentence and dismissed the information rather than requiring him to replead and setting the matter for a new trial after Petitioner withdrew his guilty plea. Petitioner also claims that because he had discharged his fifteen-year sentence, the subsequent conviction subjected him to double jeopardy.[4]

    Respondent contends that these claims must be dismissed because they were raised and denied on the merits in Petitioner's previous habeas action in this Court, Case No. CIV-00-792-A, and Petitioner is therefore prohibited from relitigating such claims. Response, at 3-5 (citing 28 U.S.C. § 2244(b)(1)).[5] Respondent's argument in this regard

---

[4]At the plea withdrawal hearing on April 25, 2001, trial counsel challenged the trial court's jurisdiction based on this theory, at Petitioner's request. Record, Ex. 12 at 3 (Transcript of Withdrawal of Guilty Plea). However, the state court judge rejected such argument and restricted the focus of the hearing to whether Petitioner wished to withdraw his guilty plea. *Id.* at 5. Additionally, the judge granted a recess to allow counsel an opportunity to privately discuss with Petitioner and make a record of the options he had discussed with Petitioner in regard to the hearing. *Id.* at 5-9. The record reflects that counsel advised Petitioner that if he elected to withdraw his plea, he would "stand in the same position" as if he had not been sentenced, that Petitioner "could stand trial again on this case," and that double jeopardy would not be a valid defense. *Id.* at 9. Finally, counsel made a record that he had advised Petitioner that he should not withdraw his plea. *Id.* at 11. Petitioner indicated that he was satisfied with the advice counsel had given and that if the judge granted his application to withdraw his guilty plea, he planned to appeal the jurisdictional issue. *Id.* at 11-12. After the recess, Petitioner elected to withdraw his guilty plea. *Id.* at 16.

[5]"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

is based on Judge Alley's treatment of a letter from Petitioner submitted after Judge Alley entered an order of judgment denying Petitioner's habeas petition because Petitioner had been allowed to withdraw his guilty plea.   In his letter, Petitioner asserted his jurisdictional argument – that he had discharged his fifteen-year sentence on January 5, 2001, prior to the state court hearing and therefore, the state district court did not have jurisdiction over his change of plea or a subsequent trial.   Petitioner asked Judge Alley to order the state trial court to vacate his conviction in Case No. CRF-92-107 and expunge it from his record.   Response, Ex. 6.   In an order dated June 12, 2001, Judge Alley construed Petitioner's letter as a motion to vacate the judgment denying habeas relief entered on May 3, 2001, and denied the motion.   Response, Ex. 9.   Respondent argues that Judge Alley's June 12, 2001, order rejecting the claims raised in Petitioner's letter constituted a rejection on the merits as contemplated by § 2244(b)(1).   The undersigned disagrees and declines to find that Petitioner's claim in Ground One must be dismissed without review pursuant to 28 U.S.C. § 2244(b)(1).   Rather, the undersigned finds for the reasons discussed hereafter that the claim in Ground One should be denied pursuant to 28 U.S.C. § 2254(d).

On appeal from the denial of post-conviction relief, the OCCA rejected both Petitioner's jurisdictional claim and his double jeopardy claim, finding:

> Petitioner's original conviction in Case No. CRF-1992-107 was determined to be void by the United States District Court, and there was no longer any conviction to which jeopardy could attach.   A Judgment and Sentence determined to be void on its face may be set aside after jeopardy has attached.   The District Court of Jackson County had jurisdiction to re-prosecute the case because a crime had been committed within the boundaries of the county, and there was no longer any conviction for the crime.

Case 5:04-cv-00399-HE   Document 20   Filed 03/06/06   Page 9 of 30

. . .

> [O]nce a Judgment and Sentence is overturned for anything other than
> sufficiency of the evidence, single jeopardy has been eliminated, so there
> cannot be double jeopardy. The jurisdiction of the trial court to prosecute
> and proceed to a new Judgment and Sentence in the case was restored. []
> In addition, Petitioner has not been punished twice for the same offense.
> Any problem relating to double punishment was eliminated when
> Petitioner was given full credit on his new sentence, for any time served
> under the voided original Judgment and Sentence.

Record, Ex. 8 at 3 (citing *Robertson v. State*, 888 P.2d 1023, 1025 (Okla. Crim. App.

1995)). Based on these findings, the OCCA denied post-conviction relief. *Id.* at 4.

Petitioner fails to base his jurisdictional claim on a violation of the United States

Constitution or other federal law as required by 28 U.S.C. § 2254 for habeas relief.

Instead, Petitioner's claim that the trial court had no jurisdiction over his plea withdrawal

and subsequent re-prosecution is based exclusively on Oklahoma law. According to

Petitioner, he completed the twelve-year incarceration portion of his sentence on January

5, 1998, and then immediately began serving his three-year suspended sentence, day-for-

day, which he claims to have completed on January 5, 2001. Petitioner presents no

evidence or authority to support his claim that he began serving the three-year suspended

portion of his original sentence on this date.[6]

In any event, even assuming Petitioner had completed service of his fifteen- year

sentence, Petitioner's claim that the trial court lacked jurisdiction involves only

---

[6]Petitioner has attached to the petition what purports to be a copy of his Consolidated Record Card, indicating that on January 5, 1998, the twelve-year imprisonment portion of his sentence in Case No. CRF-92-107 was discharged, at which time Petitioner was rebilled to the 45-year sentence in Case No. 95-41. Petitioner's jurisdictional argument is contingent on the date he began serving his three-year suspended sentence. However, other than his conclusory statements, nothing in the record establishes if or when Petitioner began serving his suspended sentence. In fact, Judge Alley concluded that "Petitioner will not be fully discharged from his fifteen-year sentence, three years suspended, until 2008." Response, Ex. 9 at 3 (relying on *Hemphill v. State*, 954 P.2d 148 (Okla. Crim. App. 1998)).

Oklahoma law and/or the manner of execution of his sentence by the Oklahoma Department of Corrections.  It is well established that issues concerning an interpretation of state law are not cognizable in a federal habeas case; federal habeas actions brought pursuant to 28 U.S.C. § 2254 are confined to alleged errors of federal law.  *Morris v. Burnett*, 319 F.3d 1254, 1268 (10th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  In considering a similar habeas challenge to a state trial court's jurisdiction, based on alleged insufficiencies of an information under state statutory law, the Tenth Circuit found that such claim did not raise an error of federal law:

> Even if Petitioner's assertions are true, the Court finds both of these claims raise issues of interpretation of state law and as such are not cognizable in a federal habeas case.  *See Tyrrell v. Crouse*, 422 F.2d 852 (10th Cir. 1970); *see also Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (stating that "[j]urisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law: 'The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction . . . This determination of jurisdiction is binding on this [federal] court.' *Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir.1991); *see Johnson v. Trickey*, 882 F.2d 316, 320 (8th Cir. 1989) (adequacy of information is question of state law binding on federal courts)"); *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) ("We are not persuaded that a constitutional violation necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of state law."); *United States v. Mancusi*, 415 F.2d 205, 209 (2d Cir. 1969) ("no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law"); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

*Shaffer v. Boone*, No. 00-5155, 3 Fed.Appx. 675, 688 (10th Cir. Jan. 31, 2001).[7]  Here, the OCCA concluded that the trial court retained jurisdiction to allow Petitioner to withdraw his guilty plea and to retry the case.  As in *Shaffer*, Petitioner's challenge to the

---

[7]Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

OCCA's interpretation of state law "[is] not cognizable under § 2254 and should be denied." *Shaffer*, 3 Fed.Appx at 687. *See also Anderson v. Champion*, No. 96-7110, 1997 WL 383187, at *2 (10th Cir. July 11, 1997) (holding a state prisoner's challenge of the OCCA's jurisdiction to review the district court's modification of his sentence was not cognizable under § 2254; explaining that the prisoner failed to allege how his federal constitutional rights were violated by an alleged violation of state procedural rules) (quoting *Harvey v. Shillinger*, 76 F.3d 1528, 1534 (10th Cir. 1996) ("the only injury that will suffice to support petition for habeas corpus relief is an injury to a petitioner's federally protected right; state law injuries cannot and do not suffice")). For these reasons, Petitioner is not entitled to habeas relief on his jurisdictional challenge.

In his corollary claim, Petitioner alleges that being subjected to a trial following the withdrawal of his guilty plea violated the prohibition against double jeopardy. The OCCA's rejection of this claim was reasonable under Supreme Court precedent.[8] The Double Jeopardy Clause of the Fifth Amendment, as applied to the States through the Fourteenth Amendment, protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727-28 (1998) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)); *see also Anderson v. Mullin*, 327 F.3d 1148, 1153-54 (10th Cir. 2003). "It has long been settled, however, that the Double Jeopardy Clause's

---

[8]To the extent Petitioner argues that his trial violated the Oklahoma Constitution, he fails to raise a cognizable claim for habeas relief. Federal habeas relief is available for violations of the United States Constitution, but not for violations of a state constitution. *See Davis v. Reynolds*, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) ("Alternative state claims, whether grounded in state statutes or the State Constitution, are not cognizable under 28 U.S.C. § 2254(a)."). Thus, Petitioner could not obtain federal habeas relief even if the trial court had violated the Oklahoma Constitution.

general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to the conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988).   The exception to this rule is that if the defendant's conviction is overturned on the sole ground that the government presented insufficient evidence to support the conviction, reprosecution on the same charge is barred, because the defendant was effectively entitled to a judgment of acquittal at the first trial.   *Lockhart*, 488 U.S. at 39.

In this case, Petitioner was successful in his first federal habeas action in having his previous conviction and sentence in Case No. CRF-92-107 set aside as involuntary. This Court granted a conditional writ directing the State to allow Petitioner an opportunity to withdraw his guilty plea, not on grounds related to guilt or innocence, but because his original sentence was unauthorized by Oklahoma law and his guilty plea was thus involuntary.   *See McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.").   Thereafter, Petitioner appeared in state court with counsel, withdrew his guilty plea and entered a plea of not guilty.   When he did so, he was in the same posture as if the plea had not been entered.   *See Robertson v. State*, 888 P.2d 1023, 1025 (Okla. Crim. App. 1995) ("The law is clear that sentences which are not within the statutorily prescribed range of punishment are void."); *Couch v. State*, 814 P.2d 1045, 1047 (Okla. Crim. App. 1991) (allowing defendant an opportunity to withdraw his plea where sentence under plea agreement was determined

12

to be unconstitutional; defendant withdrawing plea is placed in same position as he was prior to plea negotiations) (citing *Ricketts v. Adamson*, 483 U.S. 1 (1986)).   Thus, Petitioner was once again facing the prospect of trial on a felony charge of unlawful possession of marihuana with intent to distribute, with a second page alleging prior drug related felony convictions.   "[T]he Double Jeopardy Clause . . . does not relieve a defendant from the consequences of his voluntary choice."  *United States v. Scott*, 437 U.S. 82, 99 (1978).

Here, Petitioner's continued prosecution did not violate double jeopardy principles; rather, it served "society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws."  *Arizona v. Washington*, 434 U.S. 497, 509 (1978).  The undersigned finds that Petitioner has failed to show that the OCCA's rejection of his double jeopardy claim was contrary to or an unreasonable application of federal law.

In sum, Petitioner's claim that the trial court lacked jurisdiction over his criminal case is without merit and fails to raise a cognizable claim for habeas relief.  Likewise, with respect to his double jeopardy claim, Petitioner has failed to show that he is entitled to habeas relief under 28 U.S.C. § 2254(d).  Accordingly, Petitioner is not entitled to habeas relief in Ground One.

B. Grounds Two, Three, Four, and Five

In Grounds Two through Five Petitioner argues that trial and appellate counsel rendered ineffective assistance by failing to (a) argue that the trial court lacked jurisdiction because he had completed his original sentence and that his present

conviction is barred by double jeopardy (Ground Two); (b) adequately argue a search and seizure issue (Ground Three); (c) investigate and challenge the use of prior convictions to enhance his present sentence (Ground Four); and (d) argue that the sentence he is presently challenging should be served concurrently with, instead of consecutively to, his conviction in Case No. CF-95-41, District Court of Jackson County (Ground Five). Petition at 6-14.

Petitioner raised these claims in his application for post-conviction relief, and on appeal of the denial of post-conviction relief, the OCCA specifically held that Petitioner was not denied effective assistance of appellate counsel.  Record, Ex. 8.[9]  Respondent contends that the OCCA addressed Petitioner's ineffective assistance of appellate counsel claim on the merits and that Petitioner fails to show that this decision was contrary to or an unreasonable application of Supreme Court law.  Response at 5-6.

Ineffective Assistance of Appellate Counsel

To prevail on his ineffective assistance of appellate counsel claims, Petitioner must satisfy the familiar two-part test for ineffective assistance established in *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  Under *Strickland*, Petitioner "must establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different."  *Hain v. Gibson*, 287 F.3d 1224, 1231 (10th Cir. 2002).

---

[9]In denying relief, the OCCA did not specifically address appellate counsel's failure to raise each of the errors alleged in Grounds Two through Five. Nonetheless, this Court still defers to the OCCA's decision denying relief. *See, e.g., Walker v. Gibson*, 228 F.3d 1217, 1241 (10th Cir.  (2000) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999)), *abrogated on other grounds by Neill v. Gibson*, 278 F.3d 1044, 1057 n. 5 (10th Cir.2001).

Application of *Strickland* to an ineffective assistance of appellate counsel claim requires

the Court to "look to the merits of the omitted issue." *Id.*

> [I]n analyzing an appellate ineffectiveness claim based upon the failure to
> raise an issue on appeal, "we look to the merits of the omitted issue,"
> generally in relation to the other arguments counsel did pursue. If the
> omitted issue is so plainly meritorious that it would have been
> unreasonable to winnow it out even from an otherwise strong appeal, its
> omission may directly establish deficient performance; if the omitted issue
> has merit but is not so compelling, the case for deficient performance is
> more complicated, requiring an assessment of the issue relative to the rest
> of the appeal, and deferential consideration must be given to any
> professional judgment involved in its omission; of course, if the issue is
> meritless, its omission will not constitute deficient performance.

*Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (quoting *Neill v. Gibson*, 278 F.3d

1044, 1057 (10th Cir. 2001)); *accord Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004)

(citations omitted), *cert. denied*, 543 U.S. 1154 (2005).  Unless there is a reasonable

probability that the omitted claim would have resulted in Petitioner obtaining relief on

appeal, there is no ineffective assistance of appellate counsel under the Sixth

Amendment.  *Neill*, 278 F.3d at 1057 n. 5.  *See also Smith v. Robbins*, 528 U.S. 259, 288

(2000) ("appellate counsel who files a merits brief need not (and should not) raise every

nonfrivolous claim") (citing *Jones v. Barnes*, 463 U.S. 745 (1983)).

     As previously noted, the OCCA rejected Petitioner's claims of ineffective assistance

of appellate counsel.   Therefore, this Court's review is confined to the question of

whether that decision was contrary to or involved an unreasonable application of

*Strickland*.  28 U.S.C. § 2254(d)(1); *see also Turrentine v. Mullin*, 390 F.3d 1181, 1202

(10th Cir. 2004), *cert. denied*, 125 S. Ct. 2544 (2005).  For the reasons set forth below, the

undersigned finds that there is no reasonable probability that inclusion of the omitted

claims would have resulted in Petitioner obtaining relief on direct appeal.  Thus, the OCCA's decision that Petitioner was not denied effective assistance of appellate counsel was neither contrary to nor an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, (1984).

      1.   <u>Jurisdiction/Double Jeopardy- Ground Two</u>

In Ground Two, Petitioner contends that appellate counsel was ineffective for failing to raise the issues presented in Ground One.  Petition at 7.  As previously discussed in connection with Ground One, *supra*, Petitioner's claim that the trial court lacked jurisdiction to accept his plea withdrawal and to proceed to trial is unsupported and is a matter of state law that is not cognizable on habeas review.   In Petitioner's state post-conviction proceeding, the OCCA rejected this claim on its merits.  The OCCA reasoned that when "Petitioner's original conviction in Case No. CRF-1992-107 was determined to be void" by the federal court, "there was no longer any conviction to which jeopardy could attach" and the state district court had jurisdiction to re-prosecute the case "because a crime had been committed within the boundaries of the county, and there was no longer any conviction for the crime."  Response, Ex. 8 at 3.  Because a "'[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary,'" *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986) (quoting *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (per curiam), the decision of the OCCA establishes that the trial court had jurisdiction over Petitioner.  *See also Shaffer v. Boone*, 3 Fed. Appx. 675.  Thus, the undersigned cannot find a probability of a different outcome if Petitioner's counsel had challenged the trial

court's jurisdiction on direct appeal. Accordingly, Petitioner fails to show that appellate counsel was ineffective for failing to advance this argument on appeal.

In his related claim, Petitioner alleges that appellate counsel was ineffective for failing to raise a double jeopardy claim on direct appeal. As the undersigned previously discussed in Ground One, Petitioner fails to show that he was subjected to double jeopardy by being tried on the charges filed in Case No. CRF-92-107 after he sought and was granted habeas relief on his original conviction and sentence and after he was provided an opportunity to withdraw his guilty plea and elected to do so. Thus, the omission of this claim on direct appeal does not constitute deficient performance.

      2.    <u>Search and Seizure - Ground Three</u>

Petitioner's conviction is based on a controlled buy of marihuana made in August 1992. On August 12, 1992, Altus police officer Bob Carder requested the assistance of the Jackson County District Attorney's office regarding an investigation outside Altus city limits and the District Attorney assigned Sonny Bannister, an investigator with the district attorney's office, to assist Carder. Record, Ex. 14 at 43-45, 48 (Non-Jury Trial Transcript). On the day of the controlled buy, August 16, 1992, Carder met with a confidential informant, searched his person and his vehicle, placed a wire transmitter on his body and provided him recorded money. *Id.* at 22, 26, 40-42. Carder, Bannister, and other officers of the Altus Police Department and the Jackson County Sheriff's Department followed the informant outside the city of Altus and conducted surveillance as the informant contacted Petitioner at a trailer in Jackson County and purchased a quarter pound of marihuana for $350.00. *Id.* at 27-30, 44. Based on this information

and the observations of the informant, Carder obtained a search warrant, searched the trailer where Petitioner was staying and found an additional half pound of marihuana in numerous bags, empty baggies, a buy-sell tally book and $1,270.00, which included the recorded buy money. *Id.* at 10-25, 38.  Petitioner was then placed under arrest. *Id.* at 26 & 48.

Petitioner's claim in Ground Three is not that appellate counsel failed to raise a Fourth Amendment issue on direct appeal; indeed, the record shows that counsel argued that the evidence seized from Petitioner's trailer should have been suppressed because the affidavit supporting issuance of the search warrant was obtained by officers exercising police powers outside their jurisdiction.[10]  Instead, Petitioner contends, as he did in his post-conviction application, that trial and appellate counsel were ineffective because they both refused to supplement his Fourth Amendment claim to include an additional argument in the motion to suppress and in his direct appeal, as Petitioner

---

[10]The OCCA rejected this claim on direct appeal, concluding that "the Altus police officers investigating [Petitioner] properly coordinated their investigation outside the city limits with an investigator from the Jackson County District Attorney's office, who was authorized to act in that county."  Record, Ex. 4 at 2 (citing *Stuart v. State*, 855 P.2d 1070, 1073-74 (Okla. Crim. App 1993); *Staller v. State*, 932 P.2d 1136, 1140 (Okla. Crim. App 1996); Okla. Stat. tit. 19, § 215.35A; *United States v. Richardson*, 86 F.3d 1537, 1543-44 (10th Cir. 1996)).

Although Petitioner suggests that he is "includ[ing]" this same claim in Ground Three, he makes no argument as to how counsel's direct appeal argument was inadequate in this regard.  Rather, the substance of his claim, which Petitioner explains at length, is that trial and appellate counsel were ineffective for refusing to include Petitioner's argument that the affidavit for probable cause supporting the search warrant was illegal because the police engaged a "private citizen" to make the controlled drug purchase.  Petition at 9-10.  Therefore, the undersigned finds it unnecessary to address the merits of the search and seizure claim raised on direct appeal.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the "broad reading" of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

requested. Petition at 9.[11] Specifically, Petitioner contends that counsel should have also argued that "[u]nder Ok[lahoma] <u>law</u> police whether <u>in</u> or <u>out</u> of their jurisdiction are <u>prohibited</u> from using a private citizen to attempt to purchase or purchase a 'CDS' and then deliver to the police." *Id.* (emphasis in original). According to Petitioner, this argument would have resulted in suppression of the evidence and dismissal of the case. *Id.* Thus, the issue here is whether Petitioner probably would have obtained a reversal of his conviction if his appellate attorney had challenged the search and seizure issue on a different basis than that raised by counsel.

Although under *Stone v. Powell*, 428 U.S. 465, 494 (1974), Petitioner may not raise a Fourth Amendment claim on collateral review if he had a full and fair opportunity to litigate those issues in state court, he may raise the issue to support an ineffective assistance of counsel claim. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). To establish *Strickland* prejudice on this claim, Petitioner must show both that his Fourth Amendment "supplemental" claim is meritorious and that a reasonable probability exists that the outcome would have been different if this claim had been presented. *Id.* at 375.

The essence of Petitioner's underlying claim is that Oklahoma law, specifically, Okla. Stat. tit. 63, §§ 2-401, 2-402 and 2-408, and state case law, prohibits private citizens

---

[11]Petitioner has attached to his petition a copy of what appears to be his pro se motion to supplement trial counsel's motion to quash the search warrant and motion to suppress, in which he argues the impropriety of the police utilizing private citizens in making controlled drug transactions. Petition, attached "Motion to Supplement, Defendant's Motion by Attorney to Quash Search Warrant and to Suppress Evidence Seized," Case No. CRF-92-107.

Additionally, Petitioner has attached a copy of the "Supplemental Brief" he states was mailed to appellate counsel with the additional arguments he wished counsel to raise on direct appeal, to include Petitioner's argument concerning the use of private citizens to make a purchase of illegal drugs. Petition, attached "Supplemental Brief of Appellant," Case No. F-2002-117 (Proposition I).

Petitioner has also attached what appears to be a copy of the "Affidavit for Search Warrant" executed by Atlus police officer Bob Carder on August 16, 1992.

from purchasing or possessing a controlled dangerous substance, even with the intent of turning it over to law enforcement authorities.  Petitioner argues that the Altus police officers were therefore prohibited by law from engaging a private citizen, in this case, a confidential informant, to make the controlled drug purchase and then deliver the illegal substance to the police.  Petition at 9(a)-9(c) (citing *State v. Stewart*, 855 P.2d 1070 (Okla. Crim. App. 1993 and *Staller v. State*, 932 P.2d 1136 (Okla. Crim. App. 1996)).  Petitioner contends the evidence obtained through such method cannot support an affidavit for a search warrant. Petition at 9(a).

Petitioner's reliance on *Stewart* and *Staller* is misplaced.  In *State v. Stuart*, 855 P.2d 1070 (Okla. Crim. App. 1993), an officer acting outside his jurisdiction arranged a controlled drug purchase.  He then signed an affidavit supporting a search warrant for the defendant's home.  The OCCA held that the active role of the police in conducting the controlled purchase of marihuana, which conduct is prohibited by a private citizen, is one of the "special powers" granted to police officers to enforce and administer the provisions of the Uniform Controlled Dangerous Substances Act, and as such, must be conducted within the scope of their territorial authority. *Id.* at 1073.  The OCCA affirmed the suppression of the evidence obtained from the controlled buy and rendered invalid the officers' affidavit in support of the search warrant.  *Id.*

Subsequently, in *Staller v. State*, 932 P.2d 1136 (Okla. Crim. App. 1996), the OCCA reaffirmed the principle enunciated in *Stuart* that once outside the city limits of the municipality by which they are employed, a peace officer acts as a private citizen with no greater authority than that of a private citizen, and that "private citizens are prohibited

from purchasing controlled dangerous substances, even if the intent is to turn the substances over to the police." *Id.* at 1139-40. However, noting some confusion resulting from the *Stuart* decision regarding the discovery of evidence to support an arrest warrant in such situations, the OCCA clarified that while a private citizen who purchases a controlled dangerous substance to turn over to the police does so at his own risk and the determination of whether to prosecute in such instance is the district attorney's decision, "[m]erely because a peace officer has acted outside his or her jurisdiction and therefore as a private citizen does not render the discovery of illegal drugs insufficient to establish the probable cause necessary for arrest" and that the observations of and the evidence seized by peace officers acting as private citizens may be used in establishing probable cause. *Id.*

Here, as found by the OCCA, the record shows that an investigator from the Jackson County District Attorney's office, who had authority to act in that county, was involved with the conduct of the controlled drug buy leading to Petitioner's arrest by the Altus police officers. Record, Ex. 8 at 2. Thus, as the OCCA held on direct appeal, the law enforcement officers conducting the controlled drug buy had jurisdiction to do so – they were not acting as private citizens. Petitioner is mistaken that *Stuart* and *Staller* renders Carder's affidavit for search warrant containing information based on his personal knowledge and additional information supplied by the informant invalid. *See also Luna v. State*, 829 P.2d 69, 72-73 (Okla. Crim. App. 1992) (rejecting appellant's claim that the controlled buy conducted with an informant violated due process); *Martin v. State*, 804 P.2d 1143, 1145 (Okla. Crim. App. 1991) (holding search warrant was

supported by evidence obtained in controlled drug buy using confidential informant);
*Griffith v. State*, 734 P.2d 1301, 1302 (Okla. Crim. App. 1987) (same).

Petitioner fails to show a reasonable probability that the outcome would have been different if appellate counsel had supplemented the Fourth Amendment proposition on direct appeal with Petitioner's additional argument concerning the use of a private citizen/confidential informant in making the controlled drug buy. It follows that Petitioner's appellate attorney was not ineffective in failing to include Petitioner's supplemental argument on direct appeal.

### 3.   Sentence Enhancement- Ground Four

In Ground Four Petitioner contends appellate counsel was ineffective for failing to investigate the validity of the prior convictions used to enhance his present sentence. Petition at 11. For enhancement purposes, the State relied on Petitioner's previous conviction of three drug related crimes in Case No. CRF-88-185, District Court of Jackson County: - two counts of unlawful delivery of a controlled drug and one count of unlawful delivery of marihuana. Record, Ex. 13 at 44 (Preliminary Hearing Transcript) and Ex. 14 at 14-16, 51 (Non-Jury Trial Transcript).[12] Petitioner asserts that counsel failed to

---

[12]Petitioner also suggests that because his prior convictions were drug related, his sentence was incorrectly enhanced under the general recidivist statute, Okla. Stat. tit. 21, § 51, rather than the more specific drug sentencing statutes found in Title 63. Petition at 11(c). The record shows that the State sought to enhance Petitioner's drug conviction under the "Uniform Controlled Substance Act," Okla. Stat. tit. 63, § 2-401(C) (1991), because he had at least one prior drug related conviction. Record, Ex.14 at 51; Ex. 15 at 4-6. It was undisputed that the appropriate sentencing range for a subsequent drug offense under § 2-401(C) (1991) was not less than four years imprisonment nor more than life imprisonment. Record, Ex. 15 at 7-8. The trial court sentenced Petitioner to twenty years imprisonment. Record, Ex. 15 at 12.
Petitioner is correct in pointing out that the judgment and sentence in the present case reflects that the twenty-year sentence was enhanced under the general enhancement statute, Okla. Stat. tit. 21, § 51. However, any discrepancy in the state court record concerning the statutory enhancement provisions shown on the judgment and sentence is not relevant in resolving the instant petition. Petitioner makes it clear that he has not presented this alleged error to the state court and is not raising such a claim in his habeas
(continued...)

investigate whether Petitioner had been adequately advised of his right to appeal in the proceedings relating to his prior felony convictions and whether Petitioner had knowingly waived his right to appeal.  In a rather lengthy argument Petitioner essentially claims that he cannot be faulted for failing to directly appeal his prior convictions because he wasn't given adequate information by his attorney or the trial court concerning his right to appeal in those cases.  Petition at 11(a)-11(c).

"Under Oklahoma law, a certified copy of a judgment and sentence constitutes prima facie evidence of a prior conviction for enhancement purposes."  *Mansfield v. Champion*, 992 F.2d 1098, 1105 (10th Cir. 1993) (citing *Welliver v. State*, 620 P.2d 438, 440 (Okla. Crim. App. 1980)).   "The burden then shifts to the defendant to produce evidence to rebut the prima facie case, while the state retains the ultimate burden of persuasion on proving the prior conviction."  *Id.* (citing *Mitchell v. State*, 659 P.2d 366, 369 (Okla. Crim. App. 1983)).   Further, a conviction must be appealed or an appeal waived for use as an enhancement.  *See e.g., Tice v. State*, 283 P.2d 872, 874 (Okla. Crim. App. 1953) (to use a prior conviction for enhancement purposes, "proof should be made that the judgment and conviction is final, and not appealed from, or if appealed from, that final disposition has been made of the same, adverse to the defendant").  The OCCA

---

[12](...continued)
petition.  Petition at 11(c).
        In any event, any attempt by Petitioner to allege that his sentence as enhanced is excessive would fail.  Sentencing  involving the application of state law is not cognizable on federal habeas review unless Petitioner shows that the challenged sentence is outside the statutory limits or otherwise unauthorized by law.  *See Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Petitioner was sentenced to a twenty-year term of imprisonment for his conviction of possession of marihuana with intent to distribute after former conviction of one or more previous drug related felonies, which was well with the range set by the Oklahoma legislature for the offense for which he was found guilty.  *See* Okla. tit. 63, §2-401(C) (1991).

has held that "[w]hen an appeal has not been perfected within six months of the judgment and sentence as provided by law, that judgment and sentence may be used to enhance punishment in a subsequent trial . . . ." *Anhaitty v. State*, 715 P.2d 82, 84 (Okla. Crim. App. 1986).

Petitioner does not dispute that at trial the State introduced two certified copies of the judgments in Case No. CRF-88-185 showing that on May 9, 1989, Petitioner appeared with counsel and entered guilty pleas to three separate drug related felony charges in that case. Record, Ex. 14 at 51; *see also* Record, Exs. 10 and 11.  Further, the certified copies of the judgments contain standard language stating that the court advised Petitioner of his right to appeal his pleas of guilty. *Id.*  Although Petitioner acknowledges that he failed to appeal or timely challenge these convictions, he alleges that counsel should have investigated whether his prior convictions were "final" as required by Oklahoma law, specifically, whether Petitioner knowingly waived his right to appeal.

However, Petitioner fails to set forth a plausible basis for attacking his prior convictions.  Moreover, "[t]he adequacy or reasonableness of an attorney's action is necessarily conditioned by the defendant's own actions or inaction." *United States v. Miller*, 907 F.2d 994, 998 (10th Cir. 1990); *see also Pense v. Shanks*, No. 97-2166, 1998 WL 67378, at *2 (10th Cir. Feb. 19, 1998); *Chambers v. Cowley*, No. 90-6347, 1991 WL 49759, at *1 (10th Cir. Mar. 26, 1991).  Although Petitioner claims that he requested that both trial and appellant counsel challenge the validity of his prior convictions, Petitioner does not allege that he informed counsel he did not knowingly waive his rights to appeal his prior convictions.  Nor does Petitioner allege that he informed counsel of any facts that

24

would suggest to counsel that his prior convictions were constitutionally inadequate in any way.  Petitioner argues that the validity of his prior guilty plea convictions and a knowing waiver of appeal cannot be presumed from a silent record where a knowing waiver is not present.  However, there is no presumption that Petitioner's guilty pleas are presumed invalid in a collateral attack, for purposes of enhancing his sentence, because it collides with the "'deeply rooted . . . 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights.'" *Mansfield*, 992 F.2d at 1105 (quoting *Parke v. Raley*, 506 U.S. 20, 29 (1992)).

Beyond his conclusory assertions that he did not knowingly waive his right to appeal the prior convictions in Case No. CRF-88-185, Petitioner fails to show that a challenge to the validity of these convictions would have resulted in a different outcome on appeal.  Thus, counsel's alleged failure to raise this claim on direct appeal does not constitute ineffective assistance.  *See e.g., Swanson v. Ward*, No. 97-6057, 1997 WL 527562 (10th Cir. Aug. 27, 1997) (rejecting a claim that trial counsel was ineffective in failing to investigate the validity of eight prior convictions used to enhance the sentence, stating: "[T]he result of the proceeding would not have been different had [the petitioner] known of the allegedly invalid convictions, and we therefore reject his claim of ineffective assistance."); *see also Hickman v. Spears*, 160 F.3d 1269, 1273-75 (10th Cir. 1998) (rejecting ineffective assistance claim based on trial counsel's failure to object to enhancement of a sentence under Oklahoma law because "a reasonable and competent counsel might conclude that, based on the lack of legal authority and the plain language of the Habitual Criminal Act, petitioner's sentence was proper"); *Hampton v. Scott*, No.

98-5114, 1999 WL 436275, at *4 (10th Cir. June 29, 1999) (rejecting a claim that trial counsel was ineffective for failing to challenge prior convictions used to enhance a sentence, reasoning that the prior convictions were not facially insufficient to enhance the sentence and that as a result, "a reasonable and competent attorney could have concluded that use of these prior convictions did not violate" the general enhancement statute).

For these reasons, Petitioner's argument that his prior felony convictions were improperly used to enhance his sentence is without merit.  Thus, appellate counsel's failure to investigate or challenge the "finality" of Petitioner's prior convictions did not constitute performance falling "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

    4.   Concurrent Sentence - Ground Five

Petitioner argues that appellate counsel was ineffective for failing to argue that the trial court "intended" that his present sentence should be served concurrently with, instead of consecutively to, his conviction in Case No. CF-95-41, District Court of Jackson County.  Petitioner alleges that because trial counsel argued for concurrent sentences at the sentencing hearing and the court directed that Petitioner be transported immediately to a prison facility to begin serving his sentence, appellate counsel should have raised this issue on direct appeal, requesting that  the judgment and sentence be corrected to reflect that his sentences in Case Nos. CRF-92-107and CF-95-41 are to be served concurrently.  Petition at 13.

By operation of Oklahoma law, unless otherwise specified, sentences are to be served consecutively.  *See* Okla. Stat. tit. 21, § 61.1; *see also Ex parte Griffen*, 216 P.2d 597, 599 (Okla. Crim. App. 1950) (holding that a sentence in the penitentiary on a second or subsequent conviction of a person convicted of two or more crimes must commence on the termination of the sentence on the first conviction, unless a later judgment and sentence expressly provides that the sentence shall run concurrently with the sentence on the first conviction).  It is true that trial counsel requested that the trial judge run Petitioner's sentence in Case No.  CRF-92-107 "concurrent with his 1995 case."  Record, Ex. 15 at 9 (Transcript of Sentencing, January 14, 2002).  However, the trial court's pronouncement of sentence is absent any reference to a concurrent sentence, Record, Ex. 15 at 12, and the judgment in Case No. CRF-92-107 did not specify that the sentence was to run concurrently with Petitioner's 45-year sentence in Case No. CF-95-41. Therefore, under state law, the DOC is required to run the sentence consecutive to the completion of his 45-year sentence in Case No. CF-95-41.  Petitioner has failed to show that appellate counsel was ineffective for failing to raise this claim on direct appeal and he is not entitled to habeas relief on this basis.

In summary, Petitioner has not demonstrated that his appellate counsel's failure to raise the claims in Grounds Two, Three, Four and Five was constitutionally deficient or prejudicial under *Strickland v. Washington*, 466 U.S. at 687.  Therefore, the OCCA's rejection of Petitioner's claim of ineffective assistance of appellate counsel was not contrary to, or an unreasonable application of, clearly established Supreme Court

jurisprudence, and therefore Petitioner is not entitled to habeas relief on the basis of ineffective assistance of appellate counsel.

Ineffective Assistance of Trial Counsel

Petitioner also alleges that trial counsel's performance was inadequate with respect to the alleged errors set forth in Grounds Two through Five. Petitioner raised the same claims pertaining to trial counsel for the first time in his application for post-conviction relief, and the state district court found these grounds for relief to be procedurally barred because they were not raised on direct appeal. Record, Ex. 6. Respondent argues that these claims are procedurally barred for purposes of habeas review because the OCCA also declined to address Petitioner's ineffective assistance of trial counsel claims, finding these claims waived because they could have been but were not raised on direct appeal. Response at 16 (citing Record, Ex. 8 at 2). The undersigned has not addressed the procedural bar issue in the interest of judicial economy because Petitioner's claims of ineffective assistance of trial counsel are more easily resolved on the merits. *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (citations omitted).

The same standard governing Petitioner's claim of ineffective assistance of appellate counsel governs his claim of ineffective assistance of trial counsel. *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Thus, as discussed above, Petitioner must establish both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As with Petitioner's claim of ineffective assistance of appellate counsel, trial counsel's performance is evaluated from the attorney's perspective at the time of the

assistance, considered in light of all the circumstances prevailing at that time, and including a strong presumption that counsel's conduct fell within the "wide range of professional assistance." *Strickland*, 466 U.S. at 689.

Here, the OCCA held in its order denying post-conviction relief that "Petitioner ha[d] not been denied effective assistance of appellate counsel." Record, Ex. 8 at 4. Implicit in that determination is a finding that appellate counsel's failure to raise the various claims asserted by Petitioner in his application for post-conviction relief, including his ineffective assistance of trial counsel claims, did not render appellate counsel's performance deficient. As previously discussed in connections with Grounds Two through Five, the OCCA's determination was reasonable. Given the determination that appellate counsel's omission of the issues in Grounds Two through Five, did not, in itself, constitute ineffective representation, the undersigned finds that appellate counsel's failure to allege that trial counsel acted ineffectively was not a performance deficiency that implicates the Sixth Amendment. For the same reasons, to the extent Petitioner's allegations of trial counsel's inadequacies are considered separately, the undersigned finds that Petitioner fails to show trial counsel performance was constitutionally deficient or prejudicial. *Strickland*, 466 U.S. at 687. Accordingly, Petitioner is not entitled to habeas relief on his claims of ineffective assistance of trial counsel.

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the

27th day of March, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.

Petitioner is further advised that failure to make timely objection to this Report and

Recommendation waives his right to appellate review of both factual and legal issues

contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and

Recommendation disposes of the issues referred to the undersigned Magistrate Judge in

the captioned matter.

  ENTERED this 6th day of March, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE