**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TERRY DOWDY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO.  CIV-04-0399-HE |
| ) | |
| JUSTIN JONES,[1] ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner Terry Dowdy, a state prisoner appearing pro se, instituted this action pursuant to 28 U.S.C. § 2254 seeking habeas relief.  Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who has recommended that the petition for writ of habeas corpus be denied. Petitioner has objected to her Report and Recommendation.

Following a bench trial, petitioner was found guilty of unlawful possession of marihuana with intent to distribute and was sentenced to twenty years imprisonment.[2]  His conviction and sentence were affirmed on appeal by the Oklahoma Court of Criminal

---

[1]*Pursuant to Fed.R.Civ.P. 25(d)(1), the magistrate judge substituted Justin Jones for Ron Ward, who initially was named as respondent and retired from his position as Director of the Oklahoma Department of Corrections after the petition was filed.*

[2]*Petitioner had previously pled guilty to the same charge and was sentenced to fifteen years imprisonment with three of those years suspended.  He sought habeas relief, claiming his plea was involuntary because his sentence was illegal.  His petition was conditionally granted – United States District Judge Wayne Alley ordered that a writ of habeas corpus would issue unless petitioner was provided with the opportunity to withdraw his guilty plea. The state complied with the order and petitioner withdrew his plea. Judge Alley then denied the habeas petition.*

Appeals ("OCCA") and his attempt to obtain post-conviction relief was unsuccessful. He then sought habeas relief, asserting five grounds in support of his petition. In ground one petitioner claims both that the trial court lacked jurisdiction to retry him and that his sentence violated his double jeopardy rights. In grounds two through five, petitioner claims his trial and appellate counsel were ineffective, asserting numerous alleged failures.

The magistrate judge concluded that petitioner's jurisdictional claim, asserted in ground one, was not cognizable under § 2254 as it was based exclusively on Oklahoma law. She determined he was not entitled to habeas relief on the basis of his double jeopardy argument, finding that the OCCA's rejection of that claim was neither contrary to nor an unreasonable application of federal law.[3]

As for petitioner's contention in grounds two through five of his petition that his appellate counsel was ineffective for failing to assert certain arguments on appeal, the magistrate judge found there was no reasonable probability that inclusion of any of the omitted issues would have resulted in petitioner prevailing on direct appeal.[4] She therefore

---

[3]*To the extent petitioner's double jeopardy claim was premised on a violation of the Oklahoma Constitution, the magistrate judge concluded it was not cognizable in a federal habeas proceeding.*

[4]*Petitioner contends in ground two that his appellate counsel neglected to raise the jurisdiction and double jeopardy issues asserted in ground one of his habeas petition. In ground three he cites appellate counsel's failure to argue that the evidence seized from his trailer should have been suppressed because the affidavit establishing probable cause for the warrant was obtained as the result of a controlled buy involving a private citizen. Ground four is based on appellate counsel's alleged failure to investigate the validity of the prior convictions used to enhance the petitioner's sentence, and in ground five petitioner argues his attorney failed to assert on appeal that the trial court intended for his sentence to be served concurrently with that imposed for a prior conviction.*

concluded the OCCA's decision that petitioner's appellate counsel was not ineffective was neither contrary to nor an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). The magistrate judge also rejected petitioner's claim that his trial counsel's performance was constitutionally deficient.[5]

Petitioner has objected to the Report and Recommendation, challenging the magistrate judge's rejection of his double jeopardy and jurisdiction arguments. He also reurges the ineffective assistance of counsel claims asserted in grounds two through four of his habeas petition.[6]

The record in this case reflects that petitioner made certain critical, tactical decisions in the course of proceedings. One was to pursue (against the advice of his counsel) the withdrawal of his guilty plea under circumstances where his initial sentence, later determined to be illegal, was substantially served. That he ended up with a longer sentence after retrial and resentencing is unfortunate for him, but does not render the resulting conviction or

---

[5]*The errors that petitioner claimed his appellate counsel was ineffective for raising on appeal constitute the bases for petitioner's claim that his trial counsel failed to satisfy the Strickland standard. See supra note 5.*

[6]*The petitioner claims the magistrate judge erroneously concluded his appellate counsel was not ineffective for failing to raise his jurisdiction argument on appeal, contending his attorney had or should have had the Consolidated Record Card, which would have established that defense. The magistrate judge noted that the petitioner had not established when or if he began serving his suspended sentence. Report and Recommendation, p. 9 n. 6. However, she concluded the petitioner was not entitled to relief under grounds one or two of the petition, even assuming he had completed serving the fifteen-year sentence. Id. pp. 9-10. She also did not address another issue – whether petitioner's appellate counsel inadequately presented a suppression argument based on the Altus police officer's alleged lack of jurisdiction -- as she found petitioner failed to do more than just reference it in his petition. See Report and Recommendation, p. 18 n.10.*

sentence infirm under the applicable standards.

Accordingly, having considered petitioner's objection and given his claims de novo review, the court concurs with Magistrate Judge Robert's analysis and her conclusion that petitioner is not entitled to habeas relief. The court adopts the magistrate judge's Report and Recommendation and **DENIES** the habeas petition.

**IT IS SO ORDERED**.

Dated this 13th day of June, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE